J-S13020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRELL WASHINGTON | : | |
| | : | |
| Appellant | : | No. 593 EDA 2020 |

Appeal from the PCRA Order Entered March 12, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012797-2008

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED MARCH 9, 2022**

Appellant, Darrell Washington, appeals *nunc pro tunc* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate the order and remand with instructions.

The relevant facts and procedural history of this case are as follows.  On July 26, 2008, Appellant shot and killed the victim during a robbery.  On February 28, 2011, a jury convicted Appellant of second-degree murder, robbery, and possessing instruments of crime ("PIC").  That same day, the court sentenced Appellant to life imprisonment on the murder charge.  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

court also imposed a concurrent term of two and one-half to five years' imprisonment for the PIC conviction. This Court affirmed the judgment of sentence on July 30, 2012, and our Supreme Court denied Appellant's petition for allowance of appeal on January 8, 2013. *See Commonwealth v. Washington*, 55 A.3d 150 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 619 Pa. 679, 62 A.3d 380 (2013).

On January 3, 2014, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel ("PCRA counsel"), who filed a motion to withdraw and "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In the "no-merit" letter, PCRA counsel listed Appellant's claims of ineffective assistance of trial counsel. Specifically, Appellant alleged prior counsel failed to provide him with a copy of the trial transcript and failed to test the prosecutor's case in any meaningful way. Further, Appellant alleged direct appeal counsel was ineffective for failing to raise certain unspecified issues on appeal. On December 19, 2018, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant did not file a *pro se* response to the Rule 907 notice. The court dismissed Appellant's PCRA petition and granted PCRA counsel's motion to withdraw on March 12, 2019.

Appellant timely filed a *pro se* notice of appeal, which this Court dismissed on July 17, 2019 for failure to file a brief. On August 8, 2019,

private counsel ("current counsel") entered his appearance in the PCRA court. On October 30, 2019, current counsel filed a PCRA petition on Appellant's behalf, seeking reinstatement of appellate rights *nunc pro tunc*. The court reinstated Appellant's appellate rights *nunc pro tunc* on January 14, 2020. Appellant timely filed a notice of appeal *nunc pro tunc* on February 4, 2020. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained on appeal, and Appellant did not file one.

On appeal, for the first time, Appellant presented new arguments regarding PCRA counsel's effectiveness. On June 22, 2021, this panel affirmed the order dismissing Appellant's PCRA petition. Relying on **Commonwealth v. Pitts**, 603 Pa. 1, 981 A.2d 875 (2009), we determined that Appellant had waived his ineffectiveness claims due to his failure to raise the issues in the PCRA court in the first instance. Appellant timely filed a petition for allowance of appeal on July 22, 2021.

On October 20, 2021, our Supreme Court issued its decision in **Commonwealth v. Bradley**, ___ Pa. ___, ___, 261 A.3d 381, 401 (2021), expressly holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." Thereafter, our Supreme Court granted Appellant's allowance of appeal, limited to the issue of whether this Court erred in holding that Appellant had waived his claims of PCRA counsel's ineffectiveness. (**See** *Per Curiam* Order,

- 3 -

filed 12/28/21). Additionally, our Supreme Court vacated this Court's prior disposition affirming the denial of PCRA relief and remanded the matter to this Court for reconsideration in light of **Bradley**. (**Id.**)

Appellant raises two issues for our review:

Did the [PCRA] court err in dismissing [Appellant's PCRA] Petition where he raised genuine issues of material fact alleging ineffective assistance of counsel?

Was PCRA counsel ineffective for failing to raise genuine issues of material fact alleging ineffective assistance of counsel?

(Appellant's Brief at 4).

On appeal, Appellant avers PCRA counsel was ineffective for failing to raise the following arguments in the PCRA court: (1) trial counsel's ineffectiveness for failing to seek suppression of identification testimony; (2) trial counsel's ineffectiveness for failing to request a certain jury instruction; and (3) direct appeal counsel's ineffectiveness for failing to challenge an evidentiary ruling. Appellant concludes this Court must reverse the order dismissing his PCRA petition and remand the matter for an evidentiary hearing. We agree that additional proceedings in the PCRA court are required.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). We grant great deference to the factual findings of the PCRA

- 4 -

court if the record contains any support for those findings. *Id.* "[W]e review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021).

"Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111 (2011).

"It is not an appellate court's function to engage in fact-finding." ***Commonwealth v. Shaw***, ___ Pa. ___, ___, 247 A.3d 1008, 1017 (2021) (quoting ***BouSamra v. Excela Health***, 653 Pa. 365, 386-87, 210 A.3d 967, 979-80 (2019)). The PCRA court is "the appropriate—and, indeed, the only—forum for the evidentiary and factual development" of PCRA claims. *Id.*

(quoting **Commonwealth Koehler**, ___ Pa. ___, ___, 229 A.3d 915, 937 (2020)). In **Bradley**, our Supreme Court also acknowledged that remand might be proper in certain cases where ineffectiveness claims are raised on appeal in the first instance:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness …; however, where there are material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

**Bradley, supra** at ___, 261 A.3d at 402 (internal citations, footnote, and quotation marks omitted).

Instantly, Appellant challenges PCRA counsel's effectiveness for the first time on appeal, but these claims have not been developed outside of the arguments included in the appellate brief. Although Appellant addresses all three parts of the test for ineffectiveness, Appellant has not had the opportunity to proffer input from prior counsel regarding the "strategic basis" for their actions. **See Commonwealth v. Roney**, 622 Pa. 1, 21, 79 A.3d 595, 606-07 (explaining petitioner offered no affidavit or other evidence as to what trial counsel did or did not investigate; petitioner provided no explanation for absence of affidavit from trial counsel and proffered no

evidence as to what actions trial counsel took or failed to take; thus, any assertion that trial counsel had no reasonable basis for failing to recognize or present evidence of alternative suspect was speculative). Likewise, the PCRA court did not have the opportunity to assess prejudice in the first instance. *See Shaw, supra* at \_\_\_, 247 A.3d at 1017 (holding petitioner did not waive challenge to stewardship of PCRA counsel and observing that Superior Court should have provided PCRA court with opportunity to assess prejudice in first instance).

Under these circumstances, we conclude that the record before us is insufficient to allow for disposition of the newly raised ineffectiveness claims. *See Bradley, supra*. The most prudent course of action is to vacate the order denying PCRA relief and remand this case to the PCRA court for Appellant to create an evidentiary record in conjunction with his current ineffectiveness claims.[2] *See id. See also Koehler, supra* at \_\_\_, 229 A.3d at 937 (explaining appellate review requires "development of a record as warranted and, where a hearing is appropriate, an assessment of the facts by the trial court hearing the evidence"). Upon remand, current counsel should file an amended petition on Appellant's behalf, wherein he can fully develop the claims advanced on appeal. Thereafter, the court must decide whether to conduct an evidentiary hearing on the new claims.

---

[2] The Commonwealth does not oppose remand "under the unusual circumstances of this case." (Commonwealth's Brief at 11-12).

- 7 -

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/09/2022